UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHASITY MAXWELL, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> DALLAS INDEPENDENT SCHOOL § <br> DISTRICT, § <br> § <br> *Defendant.* § | Civil Action No. 3:24-cv-02204-x |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chasity Maxwell asserts three sex-based harassment claims in her first amended complaint: (1) a Title IX harassment claim, (2) a Title IX retaliation claim, and (3) constitutional claims for which she seeks recovery under 42 U.S.C. § 1983. Before the Court is Defendant Dallas Independent School District's (the District) motion to dismiss. (Doc. 26). After considering the motion, the pleadings and briefs, and applicable caselaw, the Court **GRANTS** the District's motion to dismiss, but the Court **GRANTS LEAVE** for Maxwell to file an amended complaint as specified within this Order within 28 days.

### I. Factual Background

Maxwell was a high school student athlete in the Dallas Independent School District. In late January 2023, Maxwell vacationed in Mexico with her family. When she returned in early February, Maxwell's athletic coaches commented on her weight,

1

asserted that she must be "pregnant," and touched her on her stomach.[1] Her coaches insisted that Maxwell take a pregnancy test and instructed her to bring one to school the next day. Maxwell did not bring a test the next day, and her coaches continually remarked about her appearance before, during, and after her basketball game that evening. The next day, Maxwell's coaches had purchased a pregnancy test, instructed Maxwell to take the test, escorted her to another teacher's classroom with an adjoining bathroom, and remained outside the stall while Maxwell took the test, making comments about the potential race of the "baby daddy."[2]

When Maxwell emerged from the stall with a negative test, the coaches accused Maxwell of faking the test and asserted that she would be required to take another test a month later because they may have tested "too early."[3] Maxwell reported the incident to her parents, who contacted the Assistant Athletic Coordinator, Kemeshia Jeffery. Jeffery assured Maxwell's mother that the staff would be "written up."[4] Maxwell provided a written statement.

The next day, Coach Harris approached Maxwell in the cafeteria and made several comments to Maxwell related to Maxwell's reporting, including that Harris could lose her job or be transferred. Maxwell stopped going to her athletics class purportedly due to fear of intimidation and harassment.

---

[1] Doc. 22 at 5.
[2] Doc. 22 at 7.
[3] Doc. 22 at 7.
[4] Doc. 22 at 7.

Maxwell filed a Title IX complaint on March 27, 2023. Following the complaint, the District allegedly undertook an investigation which concluded in December 2023, finding the coaches "[r]esponsible" and the teacher whose classroom bathroom was used for the testing "[r]esponsible, in part."[5]

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Rule 8 does not require detailed factual allegations, but it requires more than formulaic recitations of a cause of action's elements.[7] Naked assertions are insufficient.[8] To survive a motion to dismiss, a complaint must contain sufficient facts that when accepted as true, demonstrate a facially plausible claim.[9] A claim is facially plausible when the complaint contains enough facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[10] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[11]

Because courts prefer to decide cases on the merits rather than on the pleadings, district courts often extend plaintiffs at least one curative pleading

---

[5] Doc. 22 at 8.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009).

opportunity before dismissing a case, unless the defects are clearly incurable or plaintiffs advise the court that they are unwilling or unable to amend.[12] Rule 15(a) provides that absent some declared reason, "leave shall be freely given when justice so requires."[13]

### III. Analysis

In her first amended complaint, Maxwell proceeds under two Title IX claims: (1) the District harassed her because of her sex; and (2) the District retaliated against her for complaining about sex-based harassment. In addition to her Title IX claims, Maxwell raises a third claim under 42 U.S.C. § 1983 and asserts several constitutional violations for the District's failure to train, failure to supervise, and failure to adopt policies related to pregnant or potentially pregnant students. The Court takes each claim in turn.

#### A.   Title IX Harassment

Relying on *respondeat superior*, Maxwell claims that the Board of the Dallas Independent School District ratified its staff's acts, omissions, and customs, rendering the District liable for the harassment Maxwell allegedly suffered. Maxwell alleges she feared further public intimidation and harassment, prompting Maxwell to stop attending her athletics and depriving her of educational opportunities and benefits.

---

[12] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[13] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) (citing Fed. R. Civ. P. 15(a)(2)).

4

There are two avenues for Title IX claims: (1) claims based on an institution's official policy of sex discrimination; and (2) claims based on discrimination where an appropriate person has actual knowledge of the discrimination and responds with deliberate indifference.[14] A plaintiff must allege that the District's response or lack thereof was clearly unreasonable in light of known circumstances—"so deficient as to *itself* constitute harassment"—or amounted to an intentional choice rather than mere negligent oversight or unreasonableness.[15]

Here, per Maxwell's allegations, once the District received Maxwell's March 2023 Title IX complaint, it investigated. Maxwell does not allege harassment continued after the complaint was filed or after the investigation began. Maxwell only alleges that she voluntarily chose to quit attending her athletics class "due to fear of further public intimidation and harassment by Coach Harris," and that she chose to quit attending nearly two months before filing her Title IX complaint.[16] Maxwell's Title IX claim is currently deficient for failing to allege that the District responded with deliberate indifference once the District had actual notice of the harassment. The District's motion to dismiss as to Maxwell's Title IX harassment claim is **GRANTED**, but the Court **GRANTS** leave for Maxwell to amend her complaint within 28 days of the date of this Order. The amended complaint should specifically allege facts as to the District's deliberate indifference once the District

---

[14] *Poloceno v. Dallas Indep. Sch. Dist.*, 826 F. App'x 359, 362 (5th Cir. 2020) (per curiam) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)).

[15] *I.L. v. Houston Indep. Sch. Dist.*, 776 F. App'x 839, 843 (5th Cir. 2019) (emphasis in original).

[16] Doc. 22 at 8.

5

received actual notice. The Court has reviewed the District's other argument as to the sufficiency of Maxwell's allegations of a report to an appropriate person and finds it unconvincing at the pleadings stage.

### B. Title IX Retaliation

Maxwell claims the District retaliated against her after Maxwell reported the alleged misconduct in violation of Title IX. The parties do not dispute that the District receives federal funding. As a federal funding recipient, "Title IX prohibits [the District] from retaliating against a person who speaks out against sex discrimination."[17] "[R]etaliation presents an even easier case than deliberate indifference" if attributed to the funding recipient.[18]

To establish prima facie retaliation under Title IX, Maxwell must show that: (1) she engaged in activities protected by Title IX; (2) the District took adverse action against her because she complained of harassment; and (3) a causal connection exists between her protected activities and the District's adverse action.[19]

Maxwell pleads that Coach Harris approached her after she complained of the conduct, and she "perceived this interaction as . . . trying to make her feel guilty for reporting."[20] Maxwell does not plead any adverse action that the District took against

---

[17] *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173–74, 178 (2005).

[18] *Id.* at 183.

[19] *See Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 170 (5th Cir. 2011) (citing *Jackson*, 544 U.S. at 174) (plaintiff needed to show the district or its representatives took adverse action against her because she complained of harassment); *Normore v. Dallas Indep. Sch. Dist.*, 677 F. Supp. 3d 494, 535–38 (N.D. Tex. 2023) (Brown, J.) (citing *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 252 n. 18 (5th Cir. 1997) (encouraging similar elemental analysis between Title VII retaliation claims and Title IX retaliation claims)).

[20] Doc. 22 at 7–8.

her because of her harassment complaint. The only actions of retaliation that Maxwell alleges were of Harris, not the District, and only occurred after Maxwell's mother informed Jeffery but before Maxwell filed her Title IX complaint. Maxwell does not allege how the District retaliated against Maxwell. Maxwell also fails to allege facts that suggest that the District knew Maxwell had engaged in a protected activity at the time of Harris's alleged retaliation or that the District's deliberate indifference caused Maxwell to experience further harassment following her Title IX complaint.[21] Therefore, the District's motion to dismiss as to Maxwell's Title IX retaliation claim is **GRANTED**, but the Court **GRANTS** leave for Maxwell to amend her complaint within 28 days of the date of this Order. The amended complaint should include (1) specific allegations as to the District's retaliation against Maxwell; (2) specific allegations as to the District's knowledge of a District employee's retaliation against Maxwell; and (3) the causal link between the District's deliberate indifference and the harassment.

### C.   42 U.S.C. § 1983

The District argues that Maxwell's first amended complaint fails to identify any conduct attributable to the District through an official policy or custom, or lack thereof, that caused a violation of Maxwell's constitutional rights. The District contends that nothing in the Texas Education Code obligates the District to adopt policies to specifically address the District's response when an employee learns or

---

[21] *Collins v. Jackson Pub. Sch. Dist.*, 609 F. App'x 792, 795 (5th Cir. 2015) (per curiam) (plaintiff failed to establish the district's knowledge of plaintiff's protected activity or causation as to his retaliation claim).

7

suspects a student is pregnant and that Maxwell cannot show that the Board knew of a need to adopt such policies.

To state claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must identify "(1) a policymaker; (2) an official policy; (3) and a violation of constitutional rights whose moving force is the policy or custom."[22]  While an official policy ordinarily appears in duly promulgated policy statements, ordinances or regulations, a custom may ripen to become a policy if the practice is such that "although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy."[23] A plaintiff must specifically identify each and any policy which allegedly caused constitutional violations, and it must be determined whether each one is facially constitutional or unconstitutional.[24]

Here, the Board of the Dallas Independent School District is the policymaker. The complaint lacks facts to support attributing the District employees' actions to any District policy.  No facts suggest that the alleged misconduct was sufficiently enduring or frequent, nor that the District knew that the objectionable conduct had allegedly become customary among its employees.  Because Maxwell's complaint fails to allege an official policy, or a custom giving rise to a policy, Maxwell has failed to

---

[22] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (cleaned up); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999) (cleaned up) (describing at least three ways in which an official policy emerges).

[23] *Piotrowski*, 237 F.3d at 579. *Austin v. City of Pasadena*, 74 F.4th 312, 332 (5th Cir. 2023) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy.").

[24] *Piotrowski*, 237 F.3d at 579.

establish municipal liability as required for a claim under section 1983. Therefore, the District's motion to dismiss as to Maxwell's section 1983 claims is **GRANTED.** However, the Court **GRANTS** leave for Maxwell to amend her complaint within 28 days of the date of this Order. The amended complaint should include specific allegations as to an official policy or custom giving rise to a policy and specific allegations as to the causal link between the alleged policy and the violation.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the District's motion to dismiss. (Doc. 26). But the Court **GRANTS LEAVE** for Maxwell to file an amended complaint within 28 days of the date of this Order as specified within this Order.

**IT IS SO ORDERED** this 7th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE